VAN METER LUMBER COMPANY, INC., *v.* ALEXANDER.

4-8723                                      217 S. W. 2d 833

Opinion delivered February 14, 1949.

Rehearing denied March 14, 1949.

*Dinning.& Dinning,* for appellant.

*W. M. Lee* and *G. E. Walker,* for appellee.

ROBINS, J.   By his complaint filed in the lower court appellee sought recovery from appellant for $1,980.14, alleged to be due for certain lumber sawed by appellee and delivered to appellant, for $101 for expense and damage incurred by appellee in connection with his saw rig and for $50 a week rental for power unit owned by appellee and alleged to have been wrongfully taken by appellant.

Appellant in its answer denied that it had bought any lumber from appellee and alleged that the lumber involved was sawed by appellee from timber owned by appellant and that under its contract with appellee he was to be paid for the sawing and delivering said lumber at the rate of $30 per thousand feet for the first fifty thousand feet cut from a tract owned by Garland Johnson and wife (which timber appellant alleged it bought from Johnson), and $50 per thousand feet for all lumber in excess of fifty thousand feet cut therefrom.   Appellant alleged that appellee failed to deliver to appellant the lumber cut from this timber, and had converted a considerable portion of said lumber to his own use.   Appellant by way of cross-complaint asked judgment against appellee for the value of this lumber, for expense of loading the lumber, and for certain advancements to appellee, amounting in all to $1,171.72.

The lower court found that appellant was indebted to appellee as follows: In the sum of $919.64 for balance due on lumber cut and delivered to appellant by appellee, after allowing appellant credit for advances; in the sum of $22 for expense involved in return of saw cab; and in the sum of $75 for damage to saw rig in the wrongful removal thereof by appellant; and judgment was ren-

dered for a total of $1,016.64, the aggregate of the foregoing items, in favor of appellee and against appellant. Both sides have appealed.

For reversal it is first urged by appellant that the lower court erred in holding that the purchase of the timber by appellant was for the benefit of appellee and in holding that appellant's advance of $1,000 for the purchase price of the timber was in effect a loan to appellee, secured by the timber deed from Johnson and wife to appellant.

Appellee's testimony to the effect that he procured appellant to loan him the $1,000 for purchase money of the timber, and that appellee was to sell to appellant, at $50 per thousand (delivered at appellee's mill), the lumber sawed from the Johnson tract, $20 payment for each one thousand feet to be retained by appellant until it was reimbursed for the $1,000 loan, was corroborated by the testimony of Lloyd Parks, a merchant and a disinterested witness, who carried on the negotiations which resulted in the contract. We think the testimony of appellee and that of appellee's witnesses, as well as other circumstances shown, met the requirement that a trust in opposition to terms of a written instrument must be shown by clear and convincing evidence. *Bray* v. *Timms*, 162 Ark. 247, 258 S. W. 338; *McKindley* v. *Humphrey*, 204 Ark. 333, 161 S. W. 2d 962.

We also conclude that the items of $22 for hauling the saw rig and cab and $75 for damage thereto were properly allowed to appellee by the lower court. It is not seriously disputed that this property of appellee was taken by appellant, necessitating the outlay by appellee in returning it, and appellee's contention as to the damage to the property was supported by a preponderance of the evidence.

Correct also was the ruling of the lower court denying the claim of appellant for $150 to cover expense of loading the lumber at appellee's mill. There was virtually no proof to indicate that under the agreement appellee was to pay for loading the lumber at his mill. On the

contrary, it was shown that appellant agreed to "pick up" the lumber at appellee's mill.

Appellant insists that after the entire transaction a statement of the mutual account, showing appellee to be indebted to appellant, rendered by it to appellee, which was not disputed, had become an "account stated" and further that appellee had actually attempted to make a settlement with appellant in accordance with its statement of the account. We have carefully examined the testimony as to this phase of the case, and, without rehearsing such testimony, we announce our conclusion that the lower court did not err in refusing to hold appellee barred from recovery by reason of the "account stated" or by reason of the attempted settlement.

Appellee, in support of his cross-appeal, urges that the lower court erred in failing to sustain appellee's claim for rent on a certain power unit, which had been bought by appellee under a "conditional sales contract," by which the vendor retained title until payment of the purchase money. The vendor sold and transferred this contract to appellant and, default having been made in the payment of purchase money, appellant took possession of the power unit, as it had a right to do. *American Laundry Machinery Co.* v. *Whitlow*, 198 Ark. 175, 127 S. W. 2d 817. The lower court properly denied appellee's claim for rental of this property.

But the lower court, as we view the record, did not arrive at the correct amount to be awarded to appellee.

The following is a proper statement of the account between these parties, as we find it disclosed by the testimony:

Gross amount due from appellant to appellee: Purchase price of 93,488 feet of lumber, at $50 per thousand, $4,674.40; expense and damage due appellee in connection with removal of saw rig, $97; making total to be charged to appellant $4,771.40.

Credits due from appellee to appellant: Purchase price of timber advanced to appellee, $1,000; "account on

644

book,'' $2,743.76, and $11 for two drums of oil. There seems to be no dispute about the correctness of these three items. In addition, we conclude that appellant is entitled to a profit (difference between cost at $50 and value at $85 per thousand feet) of $35 per thousand feet on the 7,526 feet sold by appellee to Manes. Under appellee's theory of the contract, which the lower court properly sustained, appellant was to receive all the lumber cut from the Johnson tract and was to pay therefor $50 per thousand feet. It is conceded that appellee sold and delivered to Manes 7,526 feet of this lumber, which appellant should have received. The only positive testimony on this phase of the case showed that this lumber was worth $85 per thousand, and therefore appellant is entitled to charge appellee with its profit thereon, amounting to $263.41. Thus the total of all credits due to appellant is $4,018.17.

It follows that the decree in favor of appellee should have been for only $753.23.

The decree below is accordingly modified so as to fix the amount due appellee from appellant at $753.23, and as so modified is affirmed. All costs of the lower court shall be paid by appellant and the costs of this appeal will be divided so that each party shall pay one-half thereof.